**Jose Manuel VARGAS–AYALA; et al., Petitioners,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 02–71403.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Miguel D. Gadda, Esq., Law Offices of Miguel D. Gadda, Stephen Shaiken, Esq., Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, OIL, Jeffrey J. Bernstein, Esq., David Dauenheimer Fax, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

### MEMORANDUM ***

Jose Manuel Vargas–Ayala and his wife Maria Guadalupe Vargas, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order of removal and denial of their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

evidence credibility findings, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), and review de novo the petitioners' due process challenge, *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's adverse credibility finding based on observations that Mrs. Vargas changed her testimony regarding her continuous physical presence in the United States, after receiving nonverbal cues from her husband while testifying. *See Singh–Kaur,* 183 F.3d at 1151 (giving "special deference" to a credibility determination based on demeanor). Mrs. Vargas therefore failed to establish eligibility for cancellation of removal. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 889 (9th Cir. 2003) (explaining an applicant must establish continuous physical presence, good moral character and hardship to qualify for relief). We lack jurisdiction over the IJ's denial of cancellation of removal to Mr. Vargas–Ayala because the denial was based on the discretionary determination that he failed to demonstrate the requisite exceptional and extremely unusual hardship. *See id.* at 891–92.

■ The petitioners' due process contentions also fail because the petitioners did not show that they were prevented from reasonably presenting their case, or that the outcome of their case was prejudiced. *Cf. Colmenar v. INS,* 210 F.3d 967, 971–72 (9th Cir.2000) (concluding that the petitioner was prejudiced because the IJ did not allow the petitioner to testify).

■ We lack jurisdiction over the petitioners' ineffective assistance of counsel claim because the petitioners did not ex-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

haust their administrative remedies by first raising the claim to the BIA in a motion to reopen. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004) (explaining that exhaustion is jurisdictional); *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (holding that the petitioner must exhaust administrative remedies by first presenting ineffective assistance of counsel claim to the BIA).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.